## COHEN v. WESTERN AUTO SUPPLY CO.
### No. 9726.

Circuit Court of Appeals, Fifth Circuit.
Oct. 21, 1942.

M. E. Kilpatrick and Ernest P. Rogers, both of Atlanta, Ga., for appellant.

Carmack Waterhouse, of Chattanooga, Tenn., and Arthur H. Ewald, of Cincinnati, Ohio, for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Berry Cohen, as owner of patent No. 1,984,299, filed this suit against the Western Auto Supply Company charging that the defendant infringed claim 9 of said patent by selling bicycles equipped with stands manufactured under the Wald patent No. 2,020,904 and the Miller patent No. 2,049,-218. The court below did not consider the validity of the Cohen patent, but held that it was not infringed by either of the other two.

Each of the patents was upon a bicycle stand known as the kick-type, consisting of a pendant rod attached horizontally to the frame of the bicycle, adjustable vertically and at an angle, for support when the vehicle was not in use. It is admitted that, if claim 9 of the Cohen patent disclosed any invention patentable as an advance over the prior art, such invention was in the novel combination of five elements known to the prior art, and particularly in adding the first element to the combination of the other four. The first element disclosed by claim 9 was a hanger device including a head integral with a depending arm at the transverse median of its lower face, the arm being inclined throughout sidewise with respect to the frame of the bicycle.

At the time the Cohen patent was issued it was understood by the patent office and by Cohen that claim 9 was deemed patentable solely by reason of the novelty resulting from a narrow literal interpretation of the disclosure in the first element of the claim. It is thus clear that, unless the language and drawings of claim 9 are limited by strict construction to the precise disclosures made by the drawings, the monopoly granted is void by reason of anticipation in the prior art. It is equally clear that, unless claim 9 is expanded by interpretation sufficiently to encroach upon the prior art, neither the Wald nor the Miller patent infringes it.

The Wald device consisted of a metal plate, designed to be attached by bolts to the side of the rear-wheel axle of the bicycle, upon which the supporting rod was pivotally mounted and secured by a spring arranged to maintain frictional contact. The Miller patent described a head having an ear depending from each side, and the straight upper portion of the support was inserted through the ears and pivotally secured. Neither device made use of a depending arm inclined sidewise to the bicycle frame, and in neither did the transverse median of the lower face of the head play any part or have any significance.

We hold that, if the scope of claim 9 is limited strictly to the disclosures of the claim and the drawings, it is not infringed by the Wald and Miller patents, and, if the disclosures are not so limited, the claim

is anticipated in the prior art and is invalid.

The judgment is affirmed.